UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

PHILIP KEITH SINCLAIR                                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 4:08-CV-44-M

CATHY SMITH et al.                                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Philip Keith Sinclair, filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff's complaint states that he was incarcerated in the Union County Jail.  He names as Defendants Chief Deputy Cathy Smith, Union County Public Defender Greg Sutton, and the probation office of Union County.  He states that on June 12, 2006, he was given a copy of his PSI, which he states had the wrong "jail credit."  He states that he told Sutton and others about the error but was told that he would have to have the jail credit corrected once he entered DOC. He states that he was sent to the Hopkins County Jail and that he suffered loss of freedom due to a denial of due process.  He also states that he sent letters to Sutton and Smith, which were not answered.  He asks for monetary and punitive damages.  Plaintiff attaches a number of exhibits dealing with his efforts to have his sentence corrected, none dated later than November 2006. Plaintiff is no longer incarcerated.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v.*

*Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985).  Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  *Id.* at 183.  Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, No. 01-6458, 2002 WL 1359388, at *2 (6th Cir. June 20, 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

2

In *Marsh v. Rich*, 90 F. App'x 889, 890 (6th Cir. 2004), the Sixth Circuit held that a

§ 1983 cause of action relating to jail-time credit accrued no later than when the prisoner filed a

habeas corpus petition in state court alleging entitlement to jail-time credit.  Here, the

attachments to the complaint make clear that Plaintiff filed a motion in state court alleging

entitlement to jail-time credit no later than September 12, 2006, when the Union Circuit Court

denied his motion for presentence jail service time.  Moreover, according to the exhibits attached

to the complaint, Plaintiff sent to the state court on September 18, 2006, a petition for writ of

habeas corpus regarding the same subject.[1]  His complaint was filed in this Court on April 14,

2008.[2]  Thus, it was clearly filed outside the one-year limitations period.

Since Plaintiff's complaint was filed outside the one-year limitations period, all of his

claims will be dismissed as frivolous, pursuant to § 1915(e)(2)(B)(I).  *Dellis v. Corr. Corp. of

Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

---

[1] There is a notation on this document that it was "sent but not filed."

[2] Because Plaintiff was not a prisoner when his complaint was filed he is not entitled to application of the "mailbox rule," under which a prisoner's filing is deemed filed when presented to prison official's for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988).  However, even application of this rule would not prevent Plaintiff's complaint from being considered time-barred as the complaint was signed on March 19, 2008, still well outside the running of the one-year period.

3

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint

as frivolous.

Date:




cc:      Plaintiff, *pro se*
         Defendants
         Union County Attorney
4414.009

4